IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALFRED SALVITTI, et al.,          :     CIVIL ACTION
                                  :     NO. 19-00696
          Plaintiffs,             :
                                  :
     v.                           :
                                  :
SCOTT LASCELLES, et al.,          :
                                  :
          Defendants.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          APRIL 19, 2023

## I.   INTRODUCTION

Plaintiffs Alfred Salvitti, Nico Salvitti, and John-David
Potynsky, brought a twelve-count complaint, as amended, against
Defendants Scott Lascelles and Dana DiSabatino, for damages
arising out of a purported business relationship that
disintegrated over time. Defendants raised counterclaims for
tortious interference with business relationships, among other
claims. Presently before the Court is Defendants' Renewed Motion
for Summary Judgment (ECF No. 139), Plaintiffs' Responses
thereto, including a motion for leave to amend their expert
report (ECF Nos. 143, 160), and a number of reply briefs.

Because Plaintiffs have failed to establish how they will
prove unjust enrichment and resulting damages in a manner that
complies with the law of the case, and do not state how amending
their export report would bridge the gap in their theory of

damages, Plaintiffs' Motions will be denied and Defendants'
Motions will be granted.

## II.  BACKGROUND

Plaintiffs Alfred Salvitti and Nico Salvitti (collectively
"the Salvittis") patented and designed a knife and partnered
with Plaintiff John-David Potynsky (collectively "Plaintiffs")
to produce the knife under the name "Colonel Blades." At the end
of 2013, Plaintiffs reached out to Defendant Lascelles to assist
with the marketing and sales of Colonel Blades. In March 2014
the parties verbally agreed that a limited liability company
should be formed to help manage the production of Colonel
Blades. On March 28, 2014, Lascelles registered The Colonel, LLC
(the "LLC") with the Pennsylvania Department of State and listed
himself as the sole member. Lascelles then managed the day-to-
day operations of Colonel Blades, including marketing, managing
internet sales, working with manufacturers, and distributing the
product. Defendant Lascelles also enlisted his spouse, Defendant
DiSabatino (collectively "Defendants"), to assist with
developing a business plan.

This case began as a patent infringement and corporate
mismanagement case.[1] Compl., ECF No. 1. The gist of Plaintiffs'

---

[1] Plaintiffs originally included a patent infringement claim but
stipulated to dismissal of this claim on November 5, 2019. Stip.
& Order, ECF No. 63. The Court later clarified that

claim was that they agreed to form an LLC to sell knives with Defendants and contributed their intellectual property, industry connections, and initial capital, as part of this agreement, but then were cut out of the business as soon as it became profitable in 2017. After not receiving profit distributions for some time, as purportedly agreed, Plaintiffs sent Defendants a cease-and-desist letter, revoking Defendants' limited license to use Plaintiffs' patents. Two weeks later, when Plaintiffs observed that Defendants were continuing to offer the patented knives for sale, Plaintiffs sued Defendants in this Court.

This case, filed in 2019, has been plagued by numerous delays. These delays primarily arose during discovery. A special master was appointed to facilitate Plaintiffs' review of certain documents. Following over two years of discovery, the parties filed motions for summary judgment in July of 2021.

---

Plaintiffs will not be permitted to litigate their patent claims at trial, but Plaintiffs will be permitted to provide relevant background information, such as testimony that they were involved in the design of knives eventually sold by the business, and that patents depicting a fixed-blade knife were issued to the Salvittis. But as a result of the Court's order on the Patent Motion precluding Plaintiffs from litigating patent claims they dismissed with prejudice, Plaintiffs cannot offer any evidence or argument to the effect that any knife sold by the business actually was covered by the Salvittis' patents or that the sale of any knife infringed those patents.

Order, ECF No. 130.

Defendants sought summary judgment with respect to Plaintiffs' claims for breach of contract (Count II), breach of fiduciary duty (Count III), unjust enrichment (Count IV), conversion (Count V), conspiracy (Count VI), aiding and abetting (Count VII), and money had and received (Count VIII). Defendants also sought summary judgment with respect to Plaintiffs' claims for injunctive relief based on the breach of contract and breach of fiduciary duty claims (Counts IX, X, XI, XII). Plaintiffs filed a motion for summary judgment as well.

On January 6, 2022, the Court granted Defendants' motion for summary judgment in part and denied Plaintiffs' motion. On June 1, 2022, the Court granted Defendants' motion to exclude Plaintiffs' expert, Michael Rountree, C.P.A. on the grounds that his report was not sufficiently reliable. See Salvitti v. Lascelles, No. 19-696, 2022 WL 1766934 (E.D. Pa. June 1, 2022). That same day, Defendants voluntarily dismissed their counterclaims for breach of contract, unjust enrichment, and conversion. See Order, ECF No. 127. At this point, what remains outstanding are Plaintiffs' claim for unjust enrichment against Defendant Lascelles, and Defendants' counterclaim for tortious interference with contractual relations.

Broadly, Plaintiffs argue that Defendants were unjustly enriched because of their "failure to pay an agreed-upon two-thirds share of business profits." Pls.' Updated Pretrial Mem.

at 1, ECF No. 137. Plaintiffs describe the benefits conferred upon Defendants in general terms as: "(i) allow[ing] defendant Lascelles to use plaintiffs' patents (ii) . . . Mr. Potynsky's law enforcement and military contacts as a primary customer base and (iii) assist[ing] in day-to-day functions as needed [with the assumption that] defendant Lascelles would manage operations." Id. at 1-2. Plaintiffs point to Defendants' books and records as evidence to approximate Defendants' total sales, from which Plaintiffs seek to recover a share for their contributions to the business. Id. at 2. Plaintiffs purport to testify about their contributions to the business--such as the value of the patents, their efforts to promote the business, and their relationships with Defendants. Id. at 3-5.

Defendants, on the other hand, argue that they were not unjustly enriched by any of Plaintiffs' alleged contributions to the business; rather, Defendants themselves, as well as other non-parties to this case, were the moving force underlying the business's success leading up to the filing of this lawsuit. Defs.' Pretrial Mem. at 2, 6-8, ECF No. 138.

## III. LEGAL STANDARD

The Court shall grant summary judgment on a party's claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).[2] Thus, "[o]nly disputes over
facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary
judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986). In other words, "there is no issue for trial unless
there is sufficient evidence favoring the nonmoving party for a
jury to return a verdict for that party." Id. at 249; accord
SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183, 203-04 (3d Cir.
2022). "Still, in assessing the genuineness of a potential
factual dispute, inferences from the underlying facts should be
drawn in favor of the nonmoving party." SodexoMAGIC, LLC, 24
F.4th at 204.

Summary judgment is also warranted where a party fails to
present admissible evidence that supports an element of the
claim at issue. Ware v. Rodale Press, Inc., 322 F.3d 218, 226
(3d Cir. 2003); see also Cabrera v. Ross Stores of Pa., LP, 646
F. App'x 209, 211-12 (3d Cir. 2016) (upholding the district

---

[2] When a defendant files a motion in limine that, if granted,
essentially becomes a motion for summary judgment, the Court
must take care to afford a plaintiff "the procedural protections
of notice which the federal rules require before judgment on the
merits may be granted." Bradley v. Pittsburgh Bd. of Educ., 913
F.2d 1064, 1070 (3d Cir. 1990) (quoting Brobst v. Columbus
Servs. Int'l, 761 F.2d 148, 154 (3d Cir. 1985)). If a plaintiff
is given notice that the Court may rule on the merits in
addition to considering a defendant's motion in limine, then the
Court may consider the underlying motion and is thus "not
precluded from considering whether the complaint stated a claim,
an issue which remains open up to trial on the merits." Id.

court's exclusion of an expert report and subsequent grant of summary judgment for a defendant where the plaintiff failed to previously disclose the expert witness and the expert was necessary to support the element of causation); accord SodexoMAGIC, LLC, 24 F.4th at 204 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

## IV. DISCUSSION[3]

Despite extended discovery and motion practice, following the dismissal of most of their claims and the exclusion of their expert witness, a forensic accountant, Plaintiffs have yet to identify the kind or type, much less the extent of the benefit

---

[3] These issues must be viewed through the prism of the law of the case, as it relates to the various decisions reached by the Court in this already lengthy litigation. "The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation . . . . [and] directs [a court's] exercise of discretion." Pub. Interest Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). Although the doctrine "does not preclude all reconsideration of an issue, nor prevent a trial court from reconsidering the relevance or admissibility of evidence as a law suit proceeds or a trial unfolds," Martin v. Port Auth. Transit of Allegheny Cnty., 115 F. App'x 556, 560 (3d Cir. 2004), a court may reconsider an issue decided earlier in the litigation under certain "extraordinary circumstances," including where "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice," Pub. Interest Rsch. Grp, 123 F.3d at 116-17. The doctrine only applies to "issues that were 'expressly' or 'necessarily resolved' by prior decisions in the same case." Home Depot USA, Inc. v. Lafarge N. Am., Inc., 59 F.4th 55, 61 (3d Cir. 2023) (citing PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev., 978 F.3d 871, 881 n.10 (3d Cir. 2020)).

conferred upon Defendants on or after February 19, 2015, the beginning point of the statute of limitations.[4] As a result, summary judgment in favor of Defendants as to Plaintiffs' unjust enrichment claim is warranted.

"Unjust enrichment is an equitable remedy, defined as 'the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution.'" Commonwealth v. Golden Gate Nat'l Senior Care LLC, 194 A.3d 1010, 1034 (Pa. 2018) (quoting Roethlein v. Portnoff Law Assocs., Ltd., 81 A.3d 816, 825 n.8 (Pa. 2013)). For Plaintiffs to prove unjust enrichment, they must show that "1) [they] conferred benefits on the defendant, 2) the defendant appreciated such benefits, and 3) the benefits were accepted and retained under such circumstances that it would be inequitable for the defendant to retain the benefit without the payment of value." Berardi v. USAA Gen. Indem. Co., 606 F. Supp. 3d 158, 163 (E.D. Pa. 2022) (citing Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. 1999)). A benefit that is conferred upon a defendant is not unjustly retained where a plaintiff confers such benefit in the hope of obtaining a future benefit in

---

[4] As the Court noted in ruling on Defendants' earlier motions in limine, the statute of limitations for unjust enrichment in Pennsylvania is four years. See Order, ECF No. 127.

return. <u>Burton Imaging Grp. v. Toys "R" Us, Inc.</u>, 502 F. Supp. 2d 434, 440 (E.D. Pa. 2007) ("A benefit conferred is not unjustly retained if a party confers the benefit with the hope of obtaining a contract.").

A claim of unjust enrichment "based on a theory of quasi-contract may be pled as an alternative to a breach of contract claim." <u>Whitaker v. Herr Foods, Inc.</u>, 198 F. Supp. 3d 476, 493 (E.D. Pa. 2016) (Robreno, J.). By contrast, where a claim of unjust enrichment is based on unlawful or improper conduct such as fraud or self-dealing, the claim is deemed to be derivative of the underlying tort.[5] <u>Id.</u> As this Court stated in <u>Whitaker</u>, "[i]f Plaintiff intends to assert an unjust enrichment claim based on the same unlawful or improper conduct that supports his tort claims, Plaintiff's claim would fail because the Court has dismissed Plaintiff's tort claims." <u>Id.</u> at 494.

---

[5] <u>See also Steamfitters Loc. Union No. 420 Welfare Fund v. Philip Morris, Inc.</u>, 171 F.3d 912, 936-37 (3d Cir. 1999) ("In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched). . . . We can find no justification for permitting plaintiffs to proceed on their unjust enrichment claim once we have determined that the District Court properly dismissed the traditional tort claims . . . ."); <u>Allegheny Gen. Hosp. v. Philip Morris, Inc.</u>, 228 F.3d 429, 447-48 (3d Cir. 2000) (approving the District Court's dismissal of restitution and unjust enrichment claims based in tort theory after the underlying traditional tort claims against the defendants had been dismissed).

Given that the Court has already dismissed Plaintiffs' breach of fiduciary duty claims against Defendants, Plaintiffs will not be permitted to relitigate the alleged underlying torts under the guise of unjust enrichment. See Salvitti v. Lascelles, 578 F. Supp. 3d 712, 718-24 (E.D. Pa. 2022).

## A. **Plaintiffs' Current Theory of Unjust Enrichment Is Flawed**

The Court first notes that Plaintiffs' theory of unjust enrichment has no basis in existing Pennsylvania law. To the extent that Plaintiffs' claim for unjust enrichment turns on some form of business tort committed by Defendants, the Court has already dismissed such claims. Plaintiffs cannot argue as a basis for their claim that Defendants' withholding of the LLC's profits or use of such profits for improper purposes was some form of corporate malfeasance. See Steamfitters Loc. Union No. 420 Welfare Fund, 171 F.3d at 936-37 (stating that an unjust enrichment claim based on a tort theory is derivative of the underlying tort claim). Insofar as Plaintiffs present a quasi-contractual claim for unjust enrichment, Plaintiffs point to no case to support their theory that they can recover two-thirds of Defendants' profit--the amount Plaintiffs would have received if there was an enforceable agreement among Plaintiffs and Defendants--without a specific showing that Defendants were actually enriched to the tune of two thirds of their profits.

"Where unjust enrichment is found, the law implies a contract, which requires the defendant to pay the plaintiff the value of the benefit conferred." Mitchell, 729 A.2d at 1203 (citing Schenk v. K.E. David, Ltd., 666 A.2d 327 (Pa. Super. 1995)). The law implies a contract because a claim of unjust enrichment will not lie where there is an enforceable contract. See, e.g., Wilson v. Parker, 227 A.3d 343, 353 (Pa. Super. Ct. 2020). The appropriate remedy for unjust enrichment thus requires the defendant to pay the value of the benefit conferred. E.g., Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. 1993); Fleming Steel Co. v. Jacobs Eng'g Grp., Inc., 373 F. Supp. 3d 567, 604 (W.D. Pa. 2019); cf. In re James, 463 B.R. 719, 727 (M.D. Pa. Bankr. 2011) (citing D.A. Hill Co. v. Clevetrust Realty Invs., 573 A.2d 1005 (Pa. 1990)) (describing the measure of damages--that is, the value of the benefit conferred--in the construction context as the "value added" to the property). The benefit conferred is frequently, but not always, assessed in terms of the reasonable value of services rendered. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 531 n.8 (Pa. 2010).[6]

---

[6] Pennsylvania courts have sometimes distinguished between quantum meruit and unjust enrichment. See, e.g., Artisan Builders, Inc. v. Jang, 271 A.3d 889, 892-94 (Pa. Super. 2022) (explaining that quantum meruit is a separate form of action to recover the reasonable value of services rendered, but that a plaintiff may recover the reasonable value of services rendered

Generally, a plaintiff "has the burden of proving damages to a reasonable degree of certainty." Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alts., Inc., 832 A.2d 501, 510 (Pa. Super. 2003); ATACS Corp. v. Trans World Commc'ns, Inc., 155 F.3d 659, 669 (3d Cir. 1998) (stating that damages must be established with "reasonable certainty," which, "[a]t a minimum . . . embraces a rough calculation that is not 'too speculative, vague or contingent' upon some unknown factor" (quoting Spang & Co. v. U.S. Steel Corp., 545 A.2d 861, 866 (Pa. 1988))).

Because a claim for unjust enrichment can only be maintained in the absence of an enforceable contract, a plaintiff cannot simply point to their expectation damages under an unenforceable contract as evidence of the benefit conferred and wrongfully retained. See Calgon Carbon Corp. v. ADA-ES, Inc., No. 08-1355, 2010 WL 2985947, at *1 (W.D. Pa. July 27, 2010) ("In Pennsylvania, the amount of damages for an unjust enrichment claim cannot be based on a contractual provision. . . [T]he accepted measure of damages in an unjust enrichment claim is the gain to the defendant, not the loss to the plaintiff.");

---

in an action for unjust enrichment where the value of the services is shown to be equal to the benefit conferred). Any distinction between quantum meruit and unjust enrichment as a cause of action, and any distinction between the measure of damages for unjust enrichment, in terms of the value of services rendered and the measure of benefit conferred are not relevant here, as Plaintiffs have not attempted to quantify the claimed damages by reference to either such measure.

Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1473 (3d Cir. 1988) ("The defendants' net gains are irrelevant in an unjust enrichment analysis. 'Profits, no matter how large, do not constitute unjust enrichment unless they equitably belong to another person.' (quoting Harris v. Sentry Title Co., 715 F.2d 941, 950 (5th Cir. 1983))).[7]

Plaintiffs "sue[d] defendants for unjust enrichment arising out of defendants' failure to pay an agreed-upon two-thirds share of business profits." Pls.' Pretrial Mem. 1, ECF No. 137. As the Court has previously ruled, there was no enforceable agreement among the parties, Plaintiffs were not members of an LLC with Defendants, and thus Defendants owed Plaintiffs no fiduciary duties. See Salvitti, 578 F. Supp. 3d at 719-20, 722-23. Despite the Court's rulings on Plaintiffs' other claims,

---

[7] See also Aquatrol Corp. v. Altoona City Auth., No. 03-252J, 2006 WL 2540797, at *12 (W.D. Pa. Aug. 31, 2006) ("The law of Pennsylvania is very clear with regard to the ability of a subcontractor to recover from a property owner on an unjust enrichment theory. If any benefit was conferred upon the [defendant] as a result of [the plaintiff's] work, the amount of that benefit must be measured by the value of that benefit to the owner and not by the amount of the contract price."); cf. Fidelity Fund, Inc. v. Di Santo, 500 A.2d 431, 438 (Pa. Super. 1985) (distinguishing, in a breach of contract case, between a party's expectation and reliance interests, which seek to enforce a contract, and a party's restitution interest, which seeks to prevent unjust enrichment); Chester Upland Sch. Dist. v. Rossi, 275 A.3d 1117, 1128-29 (Pa. Commw. Ct. 2022) (dismissing a class action petition for unjust enrichment by means of a county's overcharging for court fees where plaintiffs failed to allege "amounts that were charged or amounts that were paid, when or by whom").

Plaintiffs do not currently, nor have they previously, stated their claim for unjust enrichment in terms of the specific benefits that were conferred upon Defendants. Instead, Plaintiffs continue to point to an unenforceable agreement as evidence that (1) Defendants wrongfully retained some benefit and (2) the benefit is equal to two thirds of Defendants' profits.[8] Plaintiffs state that Defendant Lascelles's tax return indicates that he was conferred a benefit, see ECF No. 160 at 6, but fail to attribute any of that benefit to the individual Plaintiffs or otherwise explain how Plaintiffs were responsible for any of the profits that Defendant Lascelles reported.

Plaintiffs claim that they can show the value of some of the benefit conferred upon Defendants by examining Defendant Lascelles's tax return and Defendants' reconstructed books and records. However, Plaintiffs have yet to identify and explain in

---

[8] Most recently, Plaintiffs argue that "the key background/foundational fact that the parties indisputably entered into a profit-sharing agreement remains relevant/admissible, not to prove or enforce a contractual obligation but, instead, as background revealing why plaintiffs conferred the benefit on defendants that plaintiffs did, defendants' appreciation thereof and the parties' assignment of value to that benefit under the unique facts and circumstances of this case." Pls.' Sur-Opp'n to Defs.' Mot. at 3, ECF No. 160-2. And, in lieu of pointing to the value of the benefits conferred, Plaintiffs merely claim that "it suffices to say that defendants have received a substantial benefit from the use of plaintiffs' originating and ongoing efforts and that under the circumstances, i[t] would be unjust for defendants not to pay 2/3 of the profits, as promised." Pls.' Opp'n to Mot. to Strike Jury Demand at 2, ECF No. 152.

what manner they will connect any of Plaintiffs' efforts and contributions to the business, to the entries made in Defendants' tax returns and books and records to prove the value of the benefit conferred that was improperly retained by Defendants.[9] Rather, Plaintiffs continue to assert that they are owed two thirds of Defendants' profits without pointing to specific benefits conferred upon Defendants.

Plaintiffs' theory that they are entitled to two thirds of the profits simply represents a roundabout way of enforcing their expectations under the unenforceable contract. Under these circumstances, Plaintiffs cannot use the doctrine of unjust enrichment to attempt to enforce the agreement. See Adams Outdoor Advert., LP v. Menegatos, No. 1119 EDA 2012, 2013 WL 11256844, at *4 (Pa. Super. July 25, 2013); Gutteridge v. J3 Energy Grp., Inc., 165 A.3d 908, 918 (Pa. Super. 2017) (allowing Plaintiffs to recover their expectation interest only where Plaintiffs "presented credible evidence that the benefits that [Defendants] secured unjustly were equal to the amount of money [Plaintiffs] would have received" for their services); Phoenix Canada Oil Co., 842 F.2d at 1473; Calgon Carbon Corp, 2010 WL 2985947, at *1; Aquatrol Corp., 2006 WL 2540797, at *12.

---

[9] Defendants note that, to date, Plaintiffs have not produced a computation of damages pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii). See Defs.' Reply at 9, ECF No. 145.

B. **The Record Does Not Contain Legally Sufficient Evidence to Support a Properly Stated Claim for Unjust Enrichment**

Plaintiffs have also failed to point to sufficient amissible evidence to support an alternate theory for damages under their one remaining claim for unjust enrichment.

An unjust enrichment plaintiff must describe the benefit conferred with some specificity; the factfinder needs a sufficient evidentiary basis from which to calculate the value of the benefit conferred. "[U]njust enrichment claims cannot be based on 'speculative' or 'intangible' benefits." Morlok v. City of Philadelphia, No. 20-2973, 2022 WL 252185, at *5 (3d Cir. Jan. 26, 2022); Carruthers v. Messner Enters. Northgate, LLC, No. CI-09-07812, 2013 WL 10872127, at *11 (Pa. Ct. Com. Pl. Nov. 19, 2013) (denying plaintiffs' motion for a new trial on the issue of unjust enrichment where "the exact amount of [Plaintiffs'] funds that went to [Defendants], and benefitted [them] as a result, [could not] be proven with sufficient certainty to be the basis for an award").[10] In Morlok, for instance, the Third Circuit found that Plaintiffs failed to establish that they conferred a compensable benefit on Defendant

---

[10] Cf. Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc., No. 92-4228, 1994 WL 229762 at *4-5 (E.D. Pa. May 27, 1994), aff'd 52 F.3d 314 (Table) (striking a plaintiff's claim for quantum meruit for work performed outside the scope of a contract where the plaintiff failed to demonstrate that it could produce an evidentiary basis for its damages claim, despite having multiple opportunities to do so).

because they presented no evidence that Defendant benefitted, and any alleged reputational benefit was not quantified by Plaintiffs. 2022 WL 252185, at *5.

Similarly, in USA Machinery Corp. v. CSC, Ltd., the Third Circuit affirmed the district court's granting of defendant's motion for judgment as a matter of law at the close of plaintiff's case, finding that plaintiff failed to adduce proof of damages to support its unjust enrichment claim. 184 F.3d 257, 259 (3d Cir. 1999). There, plaintiff and defendant negotiated a brokerage agreement in which plaintiff would buy equipment from defendant and sell it to a third party, in exchange for some fee. However, because "there was no evidence that a finder's fee was negotiated," there was no evidence that would support a "custom in the industry with respect to appropriate finder's fees," and there was no "evidence that would support a calculation of an appropriate finder's fee, or an estimate of [plaintiff's] services on an hourly basis[,]" it would thus be improper for "a factfinder . . . to engage in bald conjecture as to the value of [plaintiff's] services." Id. at 266.

Moreover, as plaintiff failed to introduce evidence of "an approximation of the price at which [the seller] was willing to sell and the price at which [the buyer] was willing to buy . . . there [was] no way for a factfinder to determine what, if any, 'spread' would result from the transactions." Id. Evidence of

plaintiff's expectations regarding how much it would make from the transaction, or plaintiff's revenues from similar, other transactions, were not admissible to support plaintiff's claim for unjust enrichment.[11] Id.

Plaintiffs claim that it is undisputed that they made some contribution to the success of the business. See, e.g., Defs.' Statement of Undisputed Facts ¶¶ 9-13, ECF No. 78-1 (attributing the business idea to Plaintiffs); Id. ¶¶ 14-30 (describing the initial stages of the working relationship between Plaintiffs and Defendants).[12] Pressed by the Court during oral argument on the motions, and in Plaintiffs' most recent filings, see ECF No. 139 at 5 n.2, Plaintiffs' counsel described these benefits

---

[11] Fleming Steel, on the other hand, illustrates the proper way for a plaintiff to prove their entitlement to damages for unjust enrichment. 373 F. Supp. 3d 567 (W.D. Pa. 2019). The plaintiff in Fleming Steel brought a claim for unjust enrichment as an alternative to breach of contract for the defendant's failure to pay the plaintiff for engineering, design, and manufacturing work on certain hangar doors. The defendant sought summary judgment on the grounds that the plaintiff "failed to adduce evidence quantifying the 'reasonable value' of its services" and even if the plaintiff did have such evidence, "establishing the 'reasonable value' of its services requires expert testimony, which [plaintiff] d[id] not have." Id. at 604. The district court found that the plaintiff pointed to sufficient evidence on the record of the reasonable value of its services, on the basis of its time sheets and the testimony of an employee regarding his particularized knowledge and contributions. Id. at 608.

[12] As the Court previously noted at the summary judgment stage, Plaintiffs did not file a statement of undisputed facts or contest those facts set forth in Defendants' statement of undisputed facts. Accordingly, the Court adopts these facts as true. See Salvitti, 578 F. Supp. 3d at 715 n.1.

conferred upon Defendants by reference to (1) the patents; (2) the wholesale connections and other sales relationships brought by Mr. Potynsky; and (3) the labor provided by all Plaintiffs to the business. These general exhortations, however, are inadequate to show the extent, if any, of the benefit conferred upon Defendants.

Plaintiffs must do more than generally show that Defendants may have benefitted in order to prove that they are entitled to collect on a claim for unjust enrichment. Specifically, Plaintiffs have not produced any estimates of the value of the patents, the time each Plaintiff spent assisting the business, or the value of Mr. Potynsky's connections, within the statute of limitations.[13] Therefore, a reasonable jury could not calculate how much Plaintiffs should receive, if anything, as just compensation for the benefits conferred upon Defendants. E.g., Mitchell, 729 A.2d at 1203 ("Where unjust enrichment is

---

[13] As previously noted, Plaintiffs have not produced any estimates of the reasonable value of their services nor the value of the benefit conferred upon Defendants; thus, any distinction between quantum meruit and unjust enrichment is not relevant here. Moreover, Courts applying Pennsylvania law have allowed plaintiffs to recover for unjust enrichment by either such showing. Compare Fleming Steel, 373 F. Supp. 3d, at 608 (allowing a plaintiff to proceed with a claim for unjust enrichment on the basis, in part, of record evidence demonstrating the reasonable value of the plaintiff's services) with D.A. Hill Co., 573 A.2d at 1009 (requiring, at least in the construction context, a plaintiff to demonstrate the value of the benefit conferred, such as by an appraisal, rather than by the value of invoices for construction services).

found, the law implies a contract, which requires the defendant
to pay the plaintiff <u>the value of the benefit conferred</u>."
(emphasis added)).

To the extent that Plaintiffs "seek 'a money judgment in an
amount equal to that gained by [defendants] in using
[plaintiffs' patent, labor and marking/sales efforts to' create
a valuable product/business," Plaintiffs have failed to point to
any computation of such a money judgment which can be supported
by competent evidence: the jury would simply be left to
speculate as to the value of such services.[14] Pls.' Opp'n to Mot.
to Strike Jury Demand at 3, ECF No. 152 (quoting <u>Dastgheib v.
Genentech, Inc.</u>, 457 F. Supp. 2d 536, 544 (E.D. Pa. 2006)
(Robreno, J.)). This is so because, as previously explained, a
party can only recover the equivalent of their expectation
damages under an unjust enrichment theory where they can prove
that the defendant was unjustly enriched <u>to that degree</u>.
<u>Gutteridge</u>, 165 A.3d at 918.

Given that Plaintiffs have not pointed to sufficient
evidence which identifies, qualifies, or quantifies the value of
benefit conferred upon Defendants, they have not offered
"evidence from which damages may be calculated to a 'reasonable

---

[14] The Court notes that, after more than four years of
contentious litigation, this filing appears to be the first time
that Plaintiffs stated that they seek a money judgment on this
enumerated basis, rather than a share of Defendants' profits.

certainty,'" Ware, 322 F.3d at 225-26, summary judgment will be granted in Defendants' favor. See Morlok, 2022 WL 252185, at *5 (granting summary judgment in favor of defendant on plaintiff's unjust enrichment claim where plaintiff failed to show defendant was conferred a "compensable benefit"); USA Mach. Corp., 184 F.3d at 265 (stating that proof of unjust enrichment requires "evidence from which one might be able to quantify the benefit that [plaintiff] claims to have bestowed upon [defendant]"); Sciore v. Centric Bank, No. 20-6035, 2022 WL 17833266, at *12 (E.D. Pa. Dec. 21, 2022) (granting summary judgment for defendant on plaintiff's claim of unjust enrichment where plaintiff alleged that he had benefitted defendant by recruiting certain employees which led to defendant's profits, but failed to point to "any evidence that recruiting [another employee] generated any 'actual profits' for [defendant]"); see also Combs-Harris v. Carvana, LLC, No. 22-4845, 2023 WL 2772125, at *1 (E.D. Pa. Apr. 4, 2023) (noting that a court can only remedy a legally sufficient harm).

### C. **Amending the Expert Report Would Be Futile, or Prejudicial**

Plaintiffs urge the Court to grant leave to amend their expert report. In determining whether to modify the discovery process to allow Plaintiffs' submission of additional evidence in support of their theory of recovery, the Court is guided by the Pennypack factors. See ZF Meritor, LLC v. Eaton Corp., 696

F.3d 254, 298 (3d Cir. 2012). <u>Pennypack</u> instructs a court to account for "(1) the prejudice or surprise in fact of the party against whom the excluded [evidence] would have [been presented], (2) the ability of that party to cure the prejudice, (3) the extent to [modifying discovery] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.[15] <u>Meyers v. Pennypack Woods Home Ownership Ass'n</u>, 559 F.2d 894, 904-05 (3d Cir. 1977), <u>overruled on other grounds by</u> <u>Goodman v. Lukens Steel Co.</u>, 777 F.2d 113 (3d Cir. 1985). "The importance of the [excluded] evidence is often the most significant factor." <u>ZF Meritor, LLC</u>, 696 F.3d at 298. Evidence that "is insufficient to support a provable damages theory" is not considered important. <u>AVM Techs., LLC v. Intel Corp.</u>, No. 10-610, 2013 WL 8422202, at *2 (D. Del. Mar. 29, 2013).

Where a party fails to "present[] any evidence or theories" as to a claim before a late stage in litigation, such as the summary judgment stage, the opposing party is prejudiced and so exclusion of such evidence may be warranted under <u>Pennypack</u>.

---

[15] A lack of diligence is not bad faith under <u>Pennypack</u>. <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 793 (3d Cir. 1994). However, that a party has waited an unjustifiable amount of time before requesting leave to amend an expert report can support a finding of bad faith. <u>Tran v. Baik</u>, 406 F. App'x 661, 664 (3d Cir. 2011).

Astrazeneca AB v. Mut. Pharm. Co., Inc., 278 F. Supp. 2d 491,
506-07 (E.D. Pa. 2003). Moreover, where the curative act by the
party seeking to present new evidence or theories would require
"re-open[ing] depositions and attempt[ing] to secure fact
discovery (and expert opinions)" at a late stage in litigation,
fairness weighs in favor of excluding the new evidence or
theory. Id. at 507.

    Plaintiffs request leave to amend their expert report to
address the deficiencies in meeting their burden of proof on the
value of their unjust enrichment claim. Plaintiffs argue that
under the Pennypack factors, Defendant would not suffer
prejudice, amendment of the report would not disrupt the orderly
and efficient trial of the case, that they did not act in bad
faith, and that the proffered expert evidence at issue is
important.

    Plaintiffs' arguments are not persuasive. First, Plaintiffs
do not demonstrate how any additional evidence they seek leave
to obtain is relevant to the issues remaining in the case, given
that the additional evidence is apparently offered in support of
a theory which has already been dismissed by the Court. See AVM
Techs., LLC., 2013 WL 8422202, at *2.[16] There was no contract to

---

[16]    In his initial report, Mr. Rountree primarily offered
accounting opinions about best practices in accounting and
fiduciary duties of managers of close corporations. But, the
Court has already dismissed all of the fiduciary duty-related

be breached, nor any fiduciary duties owed. Second, Defendants
would be prejudiced, as allowing Plaintiffs to essentially
reopen expert discovery would likely require Defendants to, in
turn, amend their own expert reports, take additional discovery,
and prepare a renewed <u>Daubert</u> motion.

Finally, if amendment of the expert report were to result
in an itemization of the benefits conferred on Defendants, which
Plaintiffs have not previously advanced, including in the Rule
26(a)(1)(A)(iii) disclosures, Defendants' legal position will be
prejudiced in that, after years of litigation, they would be
faced with a new method of calculating damages.[17]

---

claims against Defendants. Thus, Mr. Rountree's opinion
concerning the intent of the parties would not be a good fit
under <u>Daubert</u>, and would likely not even be relevant under
Federal Rule of Evidence 401.

As noted above, Plaintiffs cannot now revisit the
underlying tort claims of corporate mismanagement to maintain a
claim for unjust enrichment, as the Court has already dismissed
all but Plaintiffs' unjust enrichment claim and Plaintiffs have
not demonstrated that "extraordinary circumstances" exist to
warrant reconsideration of these issues. See <u>Pub. Interest Rsch.
Grp.</u>, 123 F.3d at 116–17.

[17] <u>See, e.g.</u>, <u>Elf Atochem N. Am., Inc. v. United States</u>, 161
F.R.D. 300, 301 (E.D. Pa. 1995) ("[I]f [an] amendment
substantially changes the theory on which the case has been
proceeding and is proposed late enough so that the opponent
would be required to engage in significant new preparation, the
court may deem it prejudicial. Likewise, if the proposed change
clearly is frivolous or advances a claim or defense that is
legally insufficient on its face, the court may deny leave to
amend.").

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File a Motion in Limine is granted. The Resulting Motion for Summary Judgment is also granted. Plaintiffs' Cross-Motion for Leave to Amend is denied. An appropriate Order follows.